IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KISS PHARM LLC, | ) | |
| | ) | |
| Plaintiff, | ) | No. 18 C 7848 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| BECKER PROFESSIONAL DEVELOPMENT CORP, *et al.*, | ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

"'A motion for reconsideration performs a valuable function where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court. Such problems rarely arise and the motion to reconsider should be equally rare.'"

*Bank of Waunakee v. Rochester Cheese Sales, Inc*., 906 F.2d 1185, 1191 -1192 (7th Cir. 1990).

**A.**

Plaintiff has filed a Motion for Reconsideration of my Order of July 23, 2021. Even though the validity of a conclusion largely depends on the mode by which it was reached and the sources that sustain it, *Joint Anti-facist Refugee Committee v. McGrath*, 341 U.S. 123, 171 (1951)(Frankfurter, J., concurring), the motion cites absolutely no case law: no case law about the standards pertaining to motions for reconsideration or extensions for time sought after a deadline has passed.[1] For decades, in case after case, the Seventh Circuit and the district courts have refused

---

[1] One is reminded of Judge Easterbrook's remarks in *Minasian v. Standard Charter Bank*, *PLC*, 109
(continued...)

to consider motions and arguments that are unsupported by citations to pertinent authority. *See, e.g., Castelino v. Rose-Hulman Inst. of Tech.*, 999 F.3d 1031 (7th Cir. 2021); *Williams v. Bd. of Educ. of City of Chicago*, 982 F.3d 495, 511 (7th Cir. 2020); *Johnson v. Ne. Sch. Corp.*, 972 F.3d 905, 911 (7th Cir. 2020); *United States v. Barr*, 960 F.3d 906, 916 (7th Cir. 2020); *Schaefer v. Universal Scaffolding & Equip., LLC*, 839 F.3d 599, 607 (7th Cir. 2016); *Bretford Mfg., Inc. v. Smith Sys. Mfg. Corp.*, 419 F.3d 576, 581 (7th Cir. 2005); *United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991); *Moehrl v. Nat'l Ass'n of Realtors*, 492 F. Supp. 3d 768, 782 n.6 (N.D. Ill. 2020); *Naturalock Sols., LLC v. Baxter Healthcare Corp.*, 2016 WL 2958374, at *2 n.1 (N.D. Ill. 2016). Indeed, it has to be said so often that one might simply say that counsel here has committed an error no worse than that repeatedly committed by counsel in scores of other cases. But, what has been done here is worse. Just three weeks ago, plaintiff was taken to task for the same lack of legal analysis and case citation and directed to the foregoing cases. [Dkt. #126]. That was a waste of time, as plaintiff simply ignored the Order and did the same thing again.

Requiring attorneys to perform legal research to support their motions is not a make-work demand. It is, of course, improper for a court to perform legal research on the behalf of one side. *See, e.g., United States v. Sineneng-Smith*, —— U.S. ——, 140 S.Ct. 1575, 1579, 206 L.Ed.2d 866 (2020); *Fednav Int'l Ltd. v. Cont'l Ins. Co.*, 624 F.3d 834, 842 (7th Cir. 2010)("We will not fill th[e] void by crafting arguments and performing the necessary legal research . . . ."). *See also United States v. Gustin*, 642 F.3d 573, 575 (7th Cir. 2011)("[I]t is not a judge's job to assist one advocate at another's expense."); *Lee v. Chicago Youth Centers*, 69 F.Supp.3d 885, 889 (N.D.Ill.

---

[1](...continued)
F.3d 1212, 1216 (7th Cir. 1997): "[The Motion] is full of vigorous assertions..., carefully tailored to support plaintiff's position but devoid of analysis."

2014)(collecting cases). Moreover, the requirement forces attorneys to focus on the issues their motion raises – and the flaws that might make it inadvisable. In this case, for example, plaintiff ignores basic principles and long standing consistent case law covering motions for reconsideration and fails to make the showing required under that consistent body of case law.

**B.**

"Motions for reconsideration serve a limited function; to correct manifest errors of law or fact or to present newly discovered evidence." *Hicks v. Midwest Transit, Inc*., 531 F.3d 467, 474 (7th Cir. 2008). Motions for reconsideration are generally looked at with disfavor, *see, e.g., Goplin v. WeCONNECT, Inc*., 893 F.3d 488 (7th Cir. 2018); *Bank of Waunakee v. Rochester Cheese Sales, Inc*., 906 F.2d 1185, 1191 (7th Cir.1990); Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 4478 (2d ed.2002), and often for the very reason that attorneys filing them ignore the applicable case law limiting their purpose and seek to correct, not the errors of the court, but neglect of counsel. But, this approach of asking for a "do-over", *see, e.g., Vann-Foreman v. Illinois Cent. R.R. Co.*, 2021 WL 1209154, at *2 (N.D. Ill. 2021); *Terese F. v. Saul*, 396 F. Supp. 3d 793, 795 (N.D. Ill. 2019); *Frietsch v. Refco, Inc*., 56 F.3d 825, 828 (7th Cir. 1995)("Were such a procedure to be countenanced, some lawsuits really might never end, rather than just seeming endless."), as plaintiff has done here, serves only to take limited judicial resources away from litigants who are not looking for a second bite of the apple. A court's orders are "not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco. Industries, Inc*., 123 F.R.D. 282, 288 (N.D. Ill. 1988); *see also Owens Trophies, Inc. v. Bluestone Designs & Creations, Inc*., 2014 WL 5858261, at *3 (N.D. Ill. 2014); *On Command Video Corp. v. Roti*, 2010 WL 2740309, at *1 (N.D. Ill. 2010).

The plaintiff's dispute with the defendant over the purported misappropriation of portions of a nursing license review course is not the only case on the court's docket, and is certainly not more important that any other case. Briefing schedules are set to allow for the efficient and timely resolution of many discovery disputes ongoing in many cases. As such, while the parties' agreement on an extension can be helpful, it is not dispositive. And it is not helpful at all where, as here, it is not even reported to the court. Litigants do not own briefing or discovery schedules. *Velez v. City of Chicago*, 2021 WL 1978364, at *2 (N.D. Ill. 2021)(collecting cases); *Lawrence v. United States*, 2021 WL 601718, at *1 (N.D. Ill. 2021). There is an overriding public interest in prompt resolution of legal disputes. *Gray v. Schaub*, 182 F.3d 921 (7th Cir. 1999); *Fort Howard Paper Co. v. Standard Havens, Inc.*, 901 F.2d 1373, 1380 (7th Cir. 1990). There is not only a cost to the public at large, which is subsidizing a dispute resolution service, but to the other litigants waiting in the queue for the court's attention. *See Chapman v. First Index, Inc.*, 796 F.3d 783, 787 (7th Cir. 2015); *Fort Howard*, 901 F.2d at 1380; *G & G Closed Cir. Events, LLC v. Castillo*, 2016 WL 3551634, at *8 (N.D. Ill. 2016). Unfortunately the plaintiff's motion selfishly and self-defeatingly ignores all these considerations and interests.

All of the foregoing provides reason enough to deny the plaintiff's motion; still it is worthwhile to examine the motion for an extension of time plaintiff claims he was going to file on July 22nd, the day his response brief was due. Again, it has to be remembered that "my scheduling order allowed plaintiff an additional two weeks to respond to a four-month-old motion regarding discovery responses and objections . . . that were due, under Fed.R.Civ.P. 33 and 34 on April 30, 2020." [Dkt. #138]. Yet, according to plaintiff's motion for reconsideration, after all that time, plaintiff's counsel let it go until the eleventh hour. The Seventh Circuit has warned, time and again,

4

that when attorneys "wait until the last minute to comply with a deadline, they are playing with fire." *Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir.1996); *see also Flint v. City of Belvidere*, 791 F.3d 764, 768 (7th Cir. 2015); *Calhoun v. Myatt*, 499 F. App'x 604, 606 (7th Cir. 2013); *Elda Arnhold &Byzantio, L.L.C. v. Ocean Atl. Woodland Corp.*, 284 F.3d 693, 708 (7th Cir. 2002). Indeed, the Seventh Circuit has held that even a day's delay can be fatal. *Brosted v. Unum Life Ins. Co. of Am.*, 421 F.3d 459, 464 (7th Cir. 2005); *Tuke v. United States*, 76 F.3d 155, 157 (7th Cir. 1996). Mishaps may be unavoidable, but dire consequences can be avoided or at least efficiently dealt with if things are taken care of *ahead of time*. Again, in this case, with a motion pending for months, there was plenty of time to be fully prepared or at least nearly fully prepared.

Because, as is inevitable, in litigation more so than even in life, things did not go smoothly. Plaintiff's counsel says that he forwarded a draft of the parties' joint proposed scheduling order to defense counsel the day before it and his response motion were due. Of course, defense counsel disagreed and made changes that plaintiff's counsel had to review. [Dkt. #140, Pars. 3-4]. For some reason, despite the history of the parties being unable to conduct Rule 37.2 negotiations in good faith with much success [Dkt. ## 103, 112, 124 ], plaintiff's counsel somehow failed to anticipate that there would be a disagreement and changes to address. [Dkt. #140, ¶. 5]. But, despite getting defendant's consent to an extension of time for filing his response brief, plaintiff's counsel failed to file the motion for an extension – which he claims he had completed on July 22nd – on the date the brief was due *or even the day after*. Why he was unable to file the purportedly completed motion for an extension of time at some point after my Order of July 23rd (entered at 3:41 p.m.) gave notice of his failure is left unexplained. He does explain that overall, his failure to comply with the scheduling order was due to dealing with the defendant's changes to his draft of the joint proposed

5

discovery schedule, other matters on his schedule, and the fact that he is a sole practitioner. [Dkt. #140, Pars. 4-7].

Obviously, as already indicated, that's not a manifest error by the court. But let's look at some other controlling authority plaintiff's motion for reconsideration ignores. Under Fed.R.Civ.P. 6(b)(1)(B), if a motion for an extension of time is made after a deadline has passed, the party making the motion must show both good cause and excusable neglect. Court after court has routinely held that the kind of excuses plaintiff offers here – a busy schedule and being a sole practitioner – do not qualify. *See, e.g., Harrington v. City of Chicago*, 433 F.3d 542, 548 (7th Cir. 2006)("[N]eglect due to a busy schedule is not excusable," and there is a "limit to the quantity of cases a sole practitioner can professionally handle by himself at any one point in time."); *Ammons-Lewis v. Metro. Water Reclamation Dist. of Greater Chicago*, 543 F. App'x 591, 594 (7th Cir. 2013)("But the district court properly noted that a lawyer's busy caseload does not excuse late submissions."); *Keeton v. Morningstar, Inc.*, 667 F.3d 877, 883 (7th Cir. 2012)("Moreover, counsel does not explain why he was unable to work on the response [before he] apparently became very busy with other cases.").

*Dean v. Chicago Transit Authority.*, 118 F. App'x 993, 996 (7th Cir. 2005)("[S]olo practitioner . . . [with a] busy schedule, however, does not rise to the level of excusable neglect."); *Gonzalez v. Ingersoll Mill. Mach. Co.*, 133 F.3d 1025, 1031 (7th Cir. 1998)(". . . the grounds for extension provided by [counsel] seemed more like routine problems of office management than something that could not have been anticipated."); *see also Stonkus v. City of Brockton Sch. Dep't*, 322 F.3d 97, 101 (1st Cir.2003) ("[The] fact that appellant's attorney was 'preoccupied' with other matters [does] not constitute excusable neglect.... Most attorneys are busy most of the time and they must organize their work so as to be able to meet the time requirements of matters they are handling or suffer the

consequences.");*McLaughlin v. City of La Grange*, 662 F.2d 1385, 1387 (11th Cir.1981)("Appellants' motion for additional time to respond . . was filed four days late. It asserts as 'excusable neglect' only that appellants' counsel is a solo practitioner and was engaged in the preparation of other cases. The fact that counsel has a busy practice does not establish 'excusable neglect'. . . ."). A motion for an extension of the deadline in this case could easily have been filed by a sole practitioner before the deadline expired. *G & G Closed Cir. Events, LLC v. Castillo*, 2016 WL 3551634, at *4 (N.D. Ill. 2016).

That being said, given repeated indications that the parties have not fully complied with Local Rule 37.2's admonition that they meet and confer over their discovery disputes *in good faith* [Dkt. ##103, 104, at 23, 27, 124], any further discovery disputes that must be brought to the court's attention must be accompanied by the enhanced, stipulated Local Rule 37.2 statement described in *Autotech Techs. Ltd. P'ship v. Automationdirect.Com, Inc.*, 2007 WL 2713352, at *4 (N.D. Ill. 2007)("If any disputes remain, the parties shall file a joint statement providing the information required in Local Rule 37.2, along with the time spent on each interrogatory at the meeting, and the arguments advanced by both sides [in those meetings]. The statement should be sufficiently detailed to allow a real appreciation of the parties' efforts, and allow the court to determine whether they actually did confer in good faith, as Rule 37.2 demands. Only then will any further motion to compel on this issue be considered."). This will help the parties crystalize what have been up until now somewhat nebulous disputes and allow the court to assess their good faith. *See, e.g., See Chicago Regal Council of Carpenters Pension Fund v. Celtic Floor Covering, Inc.*, 316 F.Supp.3d 1044, 1046 (N.D. Ill. 2018)("An ultimatum on one side, met with steadfast defiance on the other, is not a good faith discussion."); *Gunn v. Stevens Security & Training Servs., Inc.*, 2018 WL 1737518, at

7

*3 (N.D. Ill. 2018)("A party that steadfastly maintains a position without support is not engaging in a good faith discussion."); *Infowhyse GmbH v. Fleetwood Grp.*, 2016 WL 4063168, at *1 (N.D. Ill. 2016)("... adamantly clinging to the positions with which they began" amounts to a failure "to comply, in good faith, with the requirements of Local Rule 37.2.").

Resolution of discovery disputes is a matter of the court's broad discretion. *Crawford–El v. Britton*, 523 U.S. 574, 598–99 (1998); *King v. Ford Motor Co.*, 872 F.3d 833, 838 (7th Cir. 2017); *Kuttner v. Zaruba*, 819 F.3d 970, 974 (7th Cir. 2016); *Jones v. City of Elkhart, Ind.*, 737 F.3d 1107, 1115 (7th Cir. 2013). Thus, there are, almost invariably, no right or wrong answers. *Compare United States v. Boyd*, 55 F.3d 239 (7th Cir. 1995) with *United States v. Williams*, 81 F.3d 1434 (7th Cir. 1996). Thus, "it is possible for two judges, confronted with the identical record, to come to opposite conclusions and for the appellate court to affirm both." *Mejia v. Cook Cty., Ill.*, 650 F.3d 631, 635 (7th Cir. 2011). *See also United States v. Bullion*, 466 F.3d 574, 577 (7th Cir. 2006)("The striking of a balance of uncertainties can rarely be deemed unreasonable...."); *Velez v. City of Chicago,* 2021 WL 3109657 at *2 (N.D.Ill. 2021); *Infowhyse GmbH*, 2016 WL 4063168, at *2. Consequently, it behooves the parties to negotiate to a satisfactory result rather than risk an all-out loss in court.

Overall, it must be said that the discovery disputes in this case are over routine matters. If a party assures that it has provided all it can in response to a request or interrogatory, that should be sufficient not to turn the matter into a two- or three-year ordeal. If one side deems it not sufficient, both Judge Coleman [Dkt. #104, at 29-30] and long-standing, consistent caselaw has adequately addressed that circumstance. *See Hubbard v. Potter*, 247 F.R.D. 27, 29 (D.D.C. 2008)(The moving party must show "that documents that have been produced permit a reasonable deduction that other

8

documents may exist or did exist."); *See also, Gross v. Chapman*, 2020 WL 4336062, at *2 (N.D. Ill. 2020)("But, all that the plaintiffs provided here – in a motion barely 3 pages long – was mere speculation that there must be more texts about the breakup. Plaintiffs did not even cite a case in support of their motion to compel."); *Amarei v. City of Chicago*, 2016 WL 3693425, at *4 (N.D. Ill. 2016)(a court cannot compel plaintiff to produce what does not exist.); *Winiecki v. Creditors Interchange Receivable Mgmt.*, LLC, 2015 WL 6870105, at *10 (N.D. Ill. 2015)(same); *In re Peregrine Fin. Grp. Customer Litig.*, 2015 WL 1344466, at *12 (N.D. Ill. 2015)(same); *Tijerina v. Stanley*, 2019 WL 1396964, at *4 (E.D. Tex. 2019)("... he asserts there were other medical records which would have supported all of his allegations; however, he offers nothing to suggest that any such records actually exist."). If one side requires materials or information from the other before producing documents or responding to interrogatories that is something that ought to have been negotiated in good faith long before the the case approaches its fourth year.  Although, it does have to be said that a party does have to have some basis before charging another with copyright infringement and ought to be able to provide some discovery regarding that basis when requested. It also has to be said that the kinds of unamplified, "boilerplate objections" that seemed to have been lodged during the parties' disputes have been decried by court after court as essentially meaningless. *See, e.g., Vera Bradley Designs, Inc. v. Aixin Li*, 2021 WL 780718, at *3 (N.D. Ill. 2021); *Zambrano v. Sparkplug Capital*, LLC, 2020 WL 1847396, at *1 (N.D. Ill. 2020); *Gevas v. Dunlop*, 2020 WL 814875, at *1 (N.D. Ill. 2020); *Harris Davis Rebar, LLC v. Structural Iron Workers Local Union No. 1, Pension Tr. Fund*, 2019 WL 454324, at *4 (N.D. Ill. 2019).  All this should guide the parties' efforts as discovery and meet-and-confer negotiations continue..

**CONCLUSION**

For the preceding reasons, the plaintiff's Motion for Reconsideration [Dkt. #140] is denied.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 7/29/21