1                    UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF ILLINOIS

2                      EASTERN DIVISION

3  K.I.S.S. PHARM, LLC,         )
                          )

4          Plaintiff,     )
                          )

5         vs.           )  No. 18-CV-7848
                          )

6  BECKER PROFESSIONAL      )  Chicago, Illinois
  DEVELOPMENT CORPORATION,   )  July 1, 2021

7                          )  11:10 a.m.
          Defendant.     )

8

9     TRANSCRIPT OF PROCEEDINGS - TELEPHONIC STATUS HEARING

10         BEFORE THE HONORABLE ANDREA R. WOOD

11

    APPEARANCES:

12

    For the Plaintiff:    LAW OFFICES OF CANNON & ASSOCIATES

13                   BY:  MR. RICHARD KIRK CANNON
                   117 South Cook Street, Suite 361

14                   Barrington, Illinois 60010
                   (847) 381-1600

15                   rkcannon@cannoniplaw.com

16  For Defendants
  Becker Professional

17  Development Corporation
  and Adtalem Global

18  Education, Inc.:     STEPTOE & JOHNSON, LLP
                   BY:  MS. ANNA M. TARGOWSKA and

19                   MR. JEREMY S. GOLDKIND
                   227 West Monroe Street, Suite 4700

20                   Chicago, Illinois 60606
                   (312) 577-1269

21                   atargowska@steptoe.com
                   jgoldkind@steptoe.com

22

23

24

25

2

```
1    APPEARANCES:   (Continued)

2    For Defendant
     Kaplan, Inc.:              JENNER & BLOCK LLC
3                               BY:  MS. MEGAN B. POETZEL
                                353 North Clark Street
4                               Chicago, Illinois 60654
                                312-222-9350
5                               mpoetzel@jenner.com
                                      -and-
6                               JENNER & BLOCK LLP
                                BY MR. JACOB D. ALDERDICE
7                               919 Third Avenue
                                New York, Yew York 10022
8                               (212) 891-1625
                                jalderdice@jenner.com
9

10

11

12

13

14

15

16

17

18

19

20

21

22
     Court Reporter:            Brenda S. Tannehill, CSR, RPR, CRR
23                              Official Court Reporter
                                219 South Dearborn Street, Suite 1928
24                              Chicago, Illinois 60604
                                (312) 554-8931
25                              brenda_tannehill@ilnd.uscourts.gov
```

1      (Proceedings held remotely, via telephone conference:)

2          THE CLERK:  18 C 7848, K.I.S.S. Pharm, LLC versus

3   Becker Professional Development Corporation, for status.

4          THE COURT:  Let's go ahead and get official

5   appearances starting with plaintiff's counsel.

6          MR. CANNON:  Good morning, your Honor.  This is

7   Richard Cannon on behalf of K.I.S.S. Pharmaceutical.

8          MS. TARGOWSKA:  Good morning, your Honor.  This is

9   Anna Targowska on behalf of Becker Professional Development

10  Corporation and Adtalem Global Education, Inc.

11         MR. GOLDKIND:  Good morning, your Honor.  This is

12  Jeremy Goldkind from Steptoe & Johnson also on behalf of Beck

13  and Adtalem.

14         MR. ALDERDICE:  Good morning, your Honor.  This is

15  Jake Alderdice of Jenner & Block on behalf of defendant

16  Kaplan, Inc.  And with me as well is Megan Poetzel on behalf

17  of Kaplan.

18         THE COURT:  I believe that covers everyone.  Let me

19  start here by just confirming that all of the defendants,

20  really, the two new defendants, are on track with answers to

21  the complaint.  I believe those are due July 9th.

22         I did see that there was a request for additional

23  pages from defendant Adtalem which I understand to be opposed

24  by the plaintiff.  So maybe we should start there.  Let me

25  start by finding out why that defendant feels it needs up to

1    30 pages, and then I'll hear why plaintiff disagrees.

2           MS. TARGOWSKA:   Your Honor, this is Anna Targowska

3    again.

4           I'll be responding on behalf of Adtalem that Adtalem

5    is a new defendant in the case, and there are a total of 12

6    counts asserted in the amended complaint.   The best we can

7    tell, at least nine of them are asserted against Adtalem.

8           And the reason why I say "the best we can tell" is

9    because the counts do not clearly identify which defendant is

10   accused of which offense.   And the prayer of relief is also

11   confusing because it mentions several defendants with respect

12   to each count without identifying those defendants for each

13   count.   So that, on its own, adds additional complexity where

14   we need to sort that out in a motion and explain what we even

15   think is asserted against Adtalem.

16          Now, beyond that, there are at least nine counts that

17   we need to fully respond to.   Those counts include fraud

18   allegations, conspiracy allegations that necessarily require a

19   lengthier response.

20          Adtalem is, in fact, the parent corporation of

21   Becker, the defendant that's been in the case from the

22   beginning.

23          To the extent we can refer to the motion that Becker

24   has already filed, we might not need all of the pages, but if

25   we need to repeat the same arguments rather than incorporating

1    by reference, then we would definitely need the additional

2    pages to fully address each count of the complaint on behalf

3    of the defendant.

4         THE COURT:  With respect to the question of whether

5    all or some of the counts are actually asserted with respect

6    to Adtalem, what is K.I.S.S.'s response to that?

7         MR. CANNON:  Your Honor, I have no idea where their

8    confusion lies.  This is Richard Cannon, for the record.

9         I have no idea where their confusion lies.  I think

10   the pleadings are pretty clear with respect to each and every

11   one of the counts where we list the parties involved in those

12   particular activities that are complained of.

13        I respectfully point out that Adtalem is represented

14   by the same law firm that represents Becker, and, Your Honor,

15   I'm concerned that this is an end around to try to, because of

16   their joint efforts, get the benefit of not 30 but actually 58

17   pages of argument.

18        As the Court is aware, I'm a solo practitioner, and I

19   think it's pretty evident that Counsel is seeking to benefit

20   from that fact in its previous discovery of some 20,000 pages

21   mixed together but also with respect to their pleadings where

22   they're going to be working together and getting the benefit

23   of 50 plus pages.  I don't see the need for it.

24        I think, given the fact that Becker has already made

25   arguments with respect to each of the claims in their motion

1    to dismiss, I don't see any need for Adtalem to have more than

2    the standard 15 pages to, in effect, supplement its counsel's

3    already-existing 28 pages of arguments.

4            THE COURT:  Let me hear from Adtalem again.  Is your

5    motion going to just incorporate the arguments already made by

6    Becker and then build on them and add another 28 pages of

7    additional argument in addition to the 28 that have already

8    been made?

9            MS. TARGOWSKA:  No, your Honor.

10           To the extent we can refer back to the arguments that

11   we made in Becker's motion, we're very happy to incorporate

12   those by reference and will likely not need 28 or 30

13   additional pages, but to the extent some of these arguments

14   have to be repeated and they will need to be for context

15   because the allegations against Adtalem are not exactly the

16   same as Becker because Becker was the only signatory to the

17   contract between Becker and K.I.S.S., and so the allegations

18   as to Adtalem are different.  And while they do relate to the

19   underlying dealings between K.I.S.S. and Becker, we would like

20   to make sure that we have an opportunity to address the

21   additional allegations by also referring back to the arguments

22   that Becker has already made.

23           So I think that 30 pages will encompass the old

24   arguments, or if you want to refer them as old as the ones

25   that are already made, and succinctly identify the new

1     arguments on behalf of Adtalem that are applicable only to

2     that defendant.

3            THE COURT:  Okay.  I'm going to go ahead and allow

4     the 30 pages, and I'm going to admonish Counsel not to be

5     duplicative where it can be avoided, if you can make your

6     arguments in 25 pages, for example, and referring back where

7     you can do so, and you should do so.

8            If I perceive that this is a way of taking advantage

9     of being able to brief things in two different places, I'll

10     address it, but I think 30 pages, in the grand scheme of

11     things, is not an unfair request.

12            Adtalem is a separate defendant from Becker and,

13     therefore, should be given a fair opportunity to respond to

14     the allegations the same as Becker had, and given their

15     separate legal identities, I do think that the unique issues

16     as to whether Adtalem should be held responsible and what

17     their role is in the case is going to require separate

18     consideration and briefing.  So I'll allow up to the 30 pages

19     and grant the motion, I guess, at Docket Number 121.

20            Okay.  And then we already have, I think, a further

21     briefing schedule.  Or no, maybe we don't because we just set

22     the answer and response pleading date back at the last

23     scheduling order.

24            MR. CANNON:  Your Honor, we do have a briefing

25     schedule for both Adtalem and Kaplan with regard to the

1    deadline for them to file their responsive motions to the

2    amended complaint and then the reply brief, so when they're

3    going to be due.

4         THE COURT:  Correct, you're right.  I do see that

5    now.  So yeah, that's the order that was entered on June 21st.

6    You are correct.  Thank you.

7         MS. TARGOWSKA:  Your Honor, I just wanted to add that

8    with respect to Becker's motion to dismiss that is currently

9    pending, no briefing schedule has been set.

10        MR. CANNON:  Correct.

11        THE COURT:  Let's add that to the schedule.  That one

12   has already been filed, of course, having been filed last

13   week.  I appreciate that Mr. Cannon has multiple motions

14   coming in his direction.

15        MR. CANNON:  I'm sorry.  I have a second line that's

16   coming in, and I have no way to silence it.  I apologize.  In

17   a moment, it will stop.

18        THE COURT:  Let's give it a moment.

19        MR. CANNON:  Okay, it's done.  I apologize.

20        THE COURT:  Okay.  So Mr. Cannon, my preference would

21   be for all of the motions to dismiss to be on the same

22   schedule.  I appreciate that that puts additional weight on

23   you to respond to three additional motions, so if you would

24   like additional time, I will entertain and likely grant that

25   request.

1       So right now, you're going to be getting two other

2  motions to dismiss by July 9th.  Your response date is

3  August 9th.  If you would like a little bit more time, since

4  I'm going to be putting Becker's motion on the same schedule,

5  I will give it to you.

6       Would you like additional time from August 9th?

7       MR. CANNON:  Far be it for me to turn down extra time

8  to work on this.  Yes, Your Honor, I would like two additional

9  weeks.

10      THE COURT:  That's fine.  So I'm going to extend the

11  response date for the plaintiff until September 23rd.  And

12  then I will extend the reply date for Kaplan and Adtalem and

13  set a reply date for Becker of, let's see, two weeks later.

14      MR. CANNON:  Your Honor, I apologize for

15  interrupting.  I believe there's confusion here.

16      Adtalem is going to be filing its motion on July 9th.

17  According to the existing order, we're scheduled for my

18  response to be August 9.  So moving --

19      THE COURT:  You are correct.  August 23rd.

20      MR. CANNON:  August 23rd.  Thank you.

21      THE COURT:  Yes.  Thank you.  I'm reading my own

22  docket incorrectly.  So that will be August 23rd, and then the

23  replies would be due September 13th rather than August 30th.

24      Thank you, Mr. Cannon.

25      MR. CANNON:  You're welcome, Your Honor.

1      THE COURT:  So the briefing schedule is pushed out by

2  two weeks for Adtalem and Kaplan, and then we're setting the

3  schedule fresh for Becker.

4      Okay.  So that, I think, takes care of getting these

5  motions on file.

6      We have, I guess, a new motion that was filed,

7  really, since I've been on the virtual bench this morning from

8  K.I.S.S. seeking to serve 25 additional interrogatories beyond

9  the limit on each defendant.  So you want to be able to serve

10  basically 75 additional interrogatories because I believe the

11  limit set in Rule 33 is per side.

12      So am I understanding correctly, Mr. Cannon, you want

13  to be able to serve 25 additional interrogatories on each

14  defendant?

15      MR. CANNON:  Yes, your Honor.

16      THE COURT:  Okay.  And I appreciate defense counsel

17  may not have had a chance to consider this motion yet.  I take

18  it from the filing that this was part of the meet and confer

19  that was held at least with Becker?

20      MS. TARGOWSKA:  Your Honor, this is Anna Targowska.

21      If I can respond to that, I was participating in the

22  meet and confer along with my colleague who is also on the

23  line today, and that request was not discussed and certainly

24  not approved by Becker.

25      We did review the motion since it's very short, and

1  we do have a response on behalf of Becker and Adtalem that

2  addresses the basis of the motion, but I wanted to clarify

3  that that statement in the motion is not accurate.  Becker has

4  not agreed and does not agree to an additional 25

5  interrogatories to be served on it.  And Adtalem's position is

6  the same.

7         THE COURT:  Well, I don't believe that the motion

8  says Becker agreed.  To the contrary, it says it was

9  discussed, and Becker opposes it.

10        Are you saying that it wasn't discussed?

11        MS. TARGOWSKA:  I have no recollection of it being

12  discussed, but we're opposing the motion.

13        MR. CANNON:  Your Honor, if I may, this is

14  Richard Cannon.  I can clarify.

15        THE COURT:  Go ahead.

16        MR. CANNON:  The subject of the 25 limit was brought

17  up peripherally during the meet and confer, and I was told

18  under no uncertain terms I would have to file a motion with

19  the Court.  So I didn't get into the details of serving 25 on

20  each individual defendant.

21        Becker had already indicated it was opposing 25 for

22  itself, so I just represented to the Court that Becker

23  opposes.  I didn't discuss it with Kaplan or with Adtalem.

24        THE COURT:  Okay.

25        MS. TARGOWSKA:  Your Honor, I think --

1      THE COURT:  Let me hear the basis for the objection

2  to it.

3      MS. TARGOWSKA:  Yes, your Honor.

4      So we have learned about the basis from the motion.

5  Like I mentioned, I don't recall that basis being ever

6  mentioned to us, but as I understand the basis for K.I.S.S.'s

7  motion is that Becker objected to Interrogatory Number 4 which

8  contains 15 separate subparts.

9      And we understand that K.I.S.S. is arguing that it

10 needs this information and that because we made that

11 objection, K.I.S.S. wants to split that interrogatory into 15

12 separate interrogatories.

13     Now, whether that is the only request that K.I.S.S.

14 has is unclear, but more importantly, the point is moot.

15 Becker has actually responded to each and every one of the 15

16 parts included in a chart that identifies the information

17 sought with respect to every subpart.

18     So to put it in the context, Interrogatory 4 looks

19 for an identification of persons with knowledge related to the

20 15 separate topics, but without waiving that objection, Becker

21 has responded with a chart for each subpart identifying

22 different individuals that have the most knowledge about the

23 subject.

24     That's the only basis there is -- that's our

25 objection.  There's no need for additional interrogatories to

1  the extent K.I.S.S. needs the answers to Interrogatory

2  Number 4, and also, 50 interrogatories on a party is a little

3  much.

4          THE COURT:  Well, it depends on the case.

5          Okay.  Here's what I'm going to do, because I've also

6  taken a look at the parties' status report, and while there

7  are some limited, very limited, areas where the parties have

8  been able to narrow their request and where I think Becker has

9  agreed to withdraw certain of its demands in the motion to

10 compel, there still are quite a few areas of disagreement, and

11 there are also still some issues with the overall complaint

12 from the plaintiff's side that Becker has attempted to

13 unfairly make plaintiff's counsel's life difficult by making a

14 rolling document dump that doesn't adequately identify which

15 documents are produced in response to which requests, and the

16 assertion is made that the documents aren't produced as they

17 are kept in the ordinary course of business.

18         It seems that everything has been produced

19 electronically which, as I understand it from the status

20 report, was not something the parties had agreed upon.

21         While it is the norm in some complex litigation now

22 for everything to be produced electronically, certainly

23 plaintiff could request that hard copy documents be made

24 available in hard copy, though they could, of course, also be

25 made available for inspection and copying rather than just

1    being produced, but I think that's an additional area for the

2    parties to try to work it out.

3         Given that there are new parties coming into the

4    case, whether represented by the same counsel or not with

5    respect to at least one of them, and given that there is an

6    amended complaint that is just now becoming at issue, I'm

7    inclined to refer the case for discovery supervision. I think

8    the parties are going to need some extra help in keeping

9    things on course, and I'd like to get the magistrate involved

10   to sort of tighten the reigns on the parties a bit, to be

11   frank, and to refocus you. And this, I think, is probably the

12   moment in the litigation to do that with the new parties

13   coming in.

14        And on our end, I will be focused on getting the

15   rulings on the motions to dismiss to the parties as quickly as

16   possible so that you can move on to the next phase there. And

17   hopefully, with the help of the magistrate judge, you'll be

18   able to move efficiently on the discovery side at the same

19   time.

20        So based on the current discovery status report, I'm

21   going to refer the remainder of Becker's motion at Docket

22   Number 90 as well as further discovery supervision and

23   discovery motions from this point forward, including the

24   requests for the additional interrogatories, to the magistrate

25   judge. So you'll hear from him regarding those.

1    I'm going to leave those issues intact.  I will send

2 a message -- I will touch base with the magistrate judge and

3 let him know what the status of the case is at this point and

4 the efforts that the parties have made to narrow their

5 disputes and draw his attention to the most recent discovery

6 status report.

7    From that point on, it's generally not my practice to

8 have any ongoing discussions or communications with the

9 magistrate judge about any rulings or substance of those

10 motions because they may come up to me for review if there are

11 objections to his ruling, but I will reach out initially to

12 make sure that he knows the current status of the case and

13 that the parties have, for better or for worse, worked to

14 narrow their disputes to where they are.

15    I will also give the magistrate judge the ability to

16 set a new discovery schedule as may be necessary, particularly

17 in light of the addition of the two new parties in the amended

18 complaint, but with the note that I'd like to keep this on a

19 pretty brisk schedule, given that it's been pending for a

20 while, and, as plaintiff's counsel has pointed out, counsel at

21 least for Adtalem, I believe, has already been in the case for

22 a period of time and, therefore, is somewhat up to speed on

23 what's going on here.  And so these are not parties that are

24 being brought in fresh.

25    MS. TARGOWSKA:  Your Honor, one clarification on that

1  point.  Counsel for Adtalem and counsel for Becker, which

2  would be us now, are actually new to the case.  We recently

3  appeared, and the previous counsel for Becker has withdrawn

4  and that motion was granted.  So while we have done everything

5  we can to be brought up to speed, that representation is

6  probably not entirely accurate.

7           We're conferring with our clients and trying to get

8  all the information, and we have no intention of delaying

9  anything in the case, but we wanted to make the record clear

10  that we just appeared on behalf of both parties within the

11  last two weeks.

12           MR. CANNON:  Your Honor, this is --

13           THE COURT:  Fair enough.  Fair enough.

14           Your client has been in the case, and I think

15  generally, the assumption is when there's a substitution in

16  for the party that it shouldn't delay things, but again, I'll

17  make sure that the magistrate judge understands.

18           MR. CANNON:  Your Honor, this is Richard Cannon.

19           A couple of matters real quickly.  One is counsel for

20  Adtalem and Becker were, in fact, the initial attorneys as the

21  initial law firm in this case, and after a period of time,

22  they substituted out, and now they substituted back in with a

23  representation, express representation, to the Court that they

24  have been kept apprised and they fully anticipate that there

25  will be no delays whatsoever as a result of their

1    substitution.  That's one clarification.

2         The other thing is, Your Honor, I had filed a motion

3    to compel with respect to Becker's productions and responses,

4    and the Court took it off -- basically off calendar.  You

5    dismissed the case without prejudice or dismissed the motion

6    without prejudice based on its being premature and directed us

7    instead to have a meet and confer.  We've done that.

8         So would the Court suggest that I just re-file, or

9    can we just put that on a briefing schedule that the

10   magistrate can deal with?

11        THE COURT:  You will need to re-file it.

12        Were there no changes that you would make to your

13   motion as a result of your meet and confer?

14        MR. CANNON:  Just to say that Becker has failed to

15   provide any further information.

16        THE COURT:  Okay.  File a new motion.  Follow -- I

17   believe it's going to be Judge Cole's motion practice.  I

18   don't know whether he will set a briefing schedule or whether

19   he will bring you in to discuss the issues first, but yes, you

20   should file a new motion.  And it may be that given the amount

21   of information that's already on the docket he says he doesn't

22   even need briefing and that he'll bring you in and have a

23   discovery conference.  I don't know how he'll want to approach

24   it once he sees what the issues are and the history of the

25   case.

1      MR. CANNON:  Okay.

2      THE COURT:  As for the clarification on the fact that

3  Steptoe was in the case and then was out of the case and is

4  now in the case again, I appreciate the parties' desire for

5  clarity in the record; however, I fear that this is, in the

6  grand scheme of things, a rather minor and petty point to go

7  back and forth on.  I hope that that is not indicative of how

8  your meet-and-confer conferences go with lots of little back

9  and forth.

10      Look, the point is the case will need to move forward

11  efficiently, that there's been a lot of work done and water

12  under the bridge and that even though the new parties are

13  coming in, I don't expect anybody to be starting from scratch.

14  And if that were going to be the case, I might have not

15  granted the last substitution.

16      I will give a reasonable amount of time for everybody

17  to do the work that they need to do.  I will ask Judge Cole to

18  give the parties a reasonable amount of time for everybody to

19  do the work that they need to do, but I do not view this case

20  as starting over from scratch with the filing of the amended

21  complaint.

22      MR. CANNON:  Your Honor, this is Richard Cannon

23  again.

24      One thing I wanted to call to the Court's attention

25  is there's a potential for requesting extensions of time on

1   deadlines that are currently scheduled on the basis that

2   counsel for Becker and I have been trying to determine the

3   best way of going forward with an agreed-upon mediation.

4          We've agreed to go through mediation in the hopes of

5   settling this.  If, in fact, we schedule it and it's going to

6   interfere with the parties' time to prepare the responses to

7   motions, et cetera, herein, I just wanted the Court to be

8   aware in advance so it won't be taken by surprise when we come

9   in and ask for time.

10         THE COURT:  If the parties are in agreement to go to

11  a mediator and that's a way of expediting things, that's

12  certainly welcomed.  I think it's wonderful if parties are

13  open to exploring less burdensome and time-consuming

14  alternatives for resolving the case.

15         If there's a specific request to alter deadlines, I

16  hope the parties are able to reach an agreement on what you're

17  asking for, whether it's to extend some deadlines, modify

18  them, or to stay a schedule altogether.  I don't know what my

19  response would be to the request, but ideally, if you know

20  that you're going to have a scheduled mediation and you have

21  an idea of when it's going to take place, you can make a

22  specific request to modify the schedule based on that.

23         MR. CANNON:  Thank you, your Honor.

24         THE COURT:  Okay.  So those matters will be sent to

25  the magistrate judge.  I will put a date on my calendar just

1    to check in and see how things are going even though you will

2    be, I'm sure, set for a status in front of the magistrate

3    judge very soon.

4           I think the other open item I see is a newly-filed

5    pro hac vice a application on behalf of Kaplan, and this is

6    for Attorney Jacob Alderdice.  That appears to be in order, so

7    I'll go ahead and grant that pro hac vice application that's

8    at Docket Number 122 while the parties are in front of me.

9           And I will check in with the parties for a telephonic

10    status date in about 90 days.  Yeah, in about 90 days.  And

11    that will also give me a chance to make sure that I've got all

12    the briefing on the motions to dismiss.  And to the extent you

13    don't have a ruling by then which, I think, under the modified

14    schedule would be unlikely, I'll be able to give you an

15    estimated ruling date at that time.

16           David, can you give us a 90-day date for a telephonic

17    status?

18           THE CLERK:  September 29th at 9:30.

19           THE COURT:  Okay.  Thank you for your discussion

20    today, Counsel.  You'll hear from the magistrate judge once

21    you get on his calendar.

22           MS. TARGOWSKA:  Your Honor, this is counsel for

23    Becker and Adtalem.

24           I just wanted to clarify, if I may, Becker's pending

25    motion to compel, that does not have to be re-filed, correct?

1    It's just going to be addressed by the magistrate judge?

2              THE COURT:  That is correct.  And that was, I believe

3    narrowed with respect to certain issues in the status report,

4    so it would be -- since that was not denied, it was entered

5    and continued, that will be specifically referred to the

6    magistrate judge with the narrowing that was represented in

7    the status report.

8              MS. TARGOWSKA:  Thank you, your Honor.

9              And one more question.  I also understand that the

10   magistrate judge will handle the issue with the additional 25

11   interrogatories, but what we would like to request or at least

12   inquire about is the basis for seeking the additional

13   interrogatories.

14             Like I said, we're happy to respond to the only basis

15   that's in the motion, but to the extent that anything else

16   needs to be considered, we would have to be made apprised of

17   that additional basis.

18             THE COURT:  So here's what I'm going to ask the

19   parties to do with respect to that, because it doesn't seem

20   like there was a head-on discussion about the specific motion

21   that was going to be filed.  It sounds like it was more that

22   the parties had a discussion about the number of

23   interrogatories that had been served, but the fact that the

24   plaintiff was going to be seeking this relief was not

25   discussed as part of the meet and confer.

1       So prior to your first status date with the

2  magistrate judge, I'd like the parties to have a meet and

3  confer so that Mr. Cannon can fully lay out his basis for

4  additional interrogatories and answer the questions.

5       Again, I don't know if Judge Cole would have briefing

6  on such a motion.  I typically would not but instead have the

7  parties come in front of me and just explain why you need 25

8  additional interrogatories.  It shouldn't be something that

9  requires extensive legal argument.

10      So I think it is quite likely that you just need to

11 be prepared to address the issue the first time that you are

12 speaking with Judge Cole, but, really, it will be up to him to

13 decide whether there are written submissions, oral

14 submissions, or some combination of the two.

15      MS. TARGOWSKA:  Thank you, your Honor.

16      MR. CANNON:  Thank you, your Honor.

17      Are we done?

18      THE COURT:  That's all I have on my agenda.

19      Thank you for your time, Counsel.

20      MR. CANNON:  Thank you, your Honor.

21   (Proceedings adjourned at 11:46 a.m.)

22

23

24

25

1                          C E R T I F I C A T E

2

3

4              I, Brenda S. Tannehill, certify that the foregoing is

5    a complete, true, and accurate transcript from the record of

6    proceedings on July 1, 2021, before the HON. ANDREA R. WOOD in

7    the above-entitled matter.

8

9

10   */s/Brenda S. Tannehill, CSR, RPR, CRR*              8/16/2021

11        Official Court Reporter                         Date
          United States District Court
12        Northern District of Illinois
          Eastern Division
13

14

15

16

17

18

19

20

21

22

23

24

25